UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Benjamin Zavala,

                    Petitioner

v.

DHS, et al.,

                    Respondents

Case No. 2:26-cv-01876-CDS-NJK

**Service and
Appointment Order**

[ECF Nos. 1, 1-1, 1-2]

Petitioner Benjamin Zavala, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241, an application to proceed *in forma pauperis* ("IFP"), and a motion for the appointment of counsel. ECF Nos. 1, 1-1, 1-2. Zavala asserts that he was taken into immigration custody on March 19, 2025, so he brings this petition seemingly alleging that he has been subjected to prolonged detention. *Id.* at 1, 4. But the petition lacks sufficient information to determine under what statutory authority the petitioner is detained or what, if any, constitutional claims he may have, so I defer ruling on the petition.

However, I find that good cause exists to grant the IFP application. I find that the appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted, so I grant the ex parte motion.[1] I also direct that the petition be served on the United States Attorney's Office for the District of Nevada (USAO).

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases.

It is therefore ordered that Zavala's IFP application **[ECF No. 1] is granted**.

It is further ordered that Zavala's ex parte motion for appointment of counsel **[ECF No. 1-2] is granted**.

It is further therefore ordered that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) by July 1, 2026. If the FPD is unable to represent the petitioner, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the FPD files a notice of appearance in this matter, it (1) will then have 14 days to file either an amended petition or a motion to dismiss the petition, and (2) must effectuate service of the amended petition, if one is filed, on the respondents.

It is further kindly ordered that the Clerk of Court:

1. **FILE** the petition (ECF No. 1-1). The petition (ECF No. 1-1) is deferred.

2. **ADD** the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243. The USAO is not required to file a response to the petition at this time.[2]

3. **SEND** a copy of the petition (ECF No. 1-1) and this order to the Federal Public Defender at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division.

---

[2] Should the petitioner file an amended petition, the respondents are ordered to file a response within fourteen days of being served with the amended petition. The petitioner will have five days to file a reply. In filing a response, the respondents must also provide a copy of any and all of the following (if applicable): (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioner's removal proceedings; (6) documents certifying any appeal of any immigration court orders by Department of Homeland Security or Petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings. Alternatively, Federal Respondents may **CERTIFY** that any of these listed documents are not in their custody or control.

4. **MAIL** a copy of the petition (ECF No. 1-1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

5. **SEND** a courtesy copy of the petition (ECF No. 1-1) and this order to Ashley Hesman (Mattos's attorney) at ahesman@strucklove.com.

It is further ordered that the respondents must not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation,[3] until further order of the Court. In the event of lawful deportation, the respondents' counsel must file a notice with the Court within five days of removal.

Dated: June 24, 2026

_____
Cristina D. Silva
United States District Judge

---

[3] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").